**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 17-00179-01-CR-W-DGK |
| v. | |
| TRAVIS HOWARD WHITE, | |
| Defendant. | |

**S<small>ENTENCING</small> M<small>EMORANDUM OF THE</small> U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>**

Comes now the United States of America, by and through Timothy A. Garrison, United States Attorney, and Patrick D. Daly, Assistant United States Attorney, and respectfully submits this Sentencing Memorandum in advance of the sentencing hearing presently set for August 7, 2019, at 3:00 p.m. Upon consideration of the defendant's conduct in this case, the appropriate and applicable base offense level and enhancements, and the relevant factors found under 18 U.S.C. § 3553, the United States recommends a Guidelines sentence (or, between 292 and 360 months' imprisonment) for **Travis Howard White** ("**WHITE**"). In support of its position, the United States offers the Court the following background, authorities, and arguments.

As noted in the correspondence submitted by U.S. Probation Officer Katie Clelland on November 7, 2018, there are no unresolved issues anticipated for this sentencing hearing. (Doc. 58-1.)

    **I.**    **G<small>OVERNMENT'S</small> V<small>IEW OF</small> 3553(<small>A</small>) F<small>ACTORS</small>**

        **A.**    **N<small>ATURE AND</small> C<small>IRCUMSTANCES OF THE</small> O<small>FFENSE AND</small> H<small>ISTORY AND</small> C<small>HARACTERISTICS OF THE</small> D<small>EFENDANT</small> (18 U.S.C. § 3553(A)(1))**

**WHITE**'s conduct is fully reflected in the recommended range as per the U.S.S.C. Guidelines Manual ("Guidelines"). The offense of conviction – production of child pornography – results in a base offense level of 32. (PSR ¶ 38.) Since Minor Victim #1 was between 12 and 16-years-old, this

matter involved the commission of a sexual act or sexual contact, and it involved the use of a computer to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, an additional six levels apply. (PSR ¶¶ 39-41.)[1] There is a sufficient and appropriate basis in fact and law to not only support the application of these Guidelines, but for the Court to rely on these calculations and circumstances in fashioning an appropriate and fair sentence.

As to the enhancement found under U.S.S.G. § 4B1.5(b)(1) (PSR ¶ 46), to the extent this Court is relying on the factual and legal summary in the PSR, we wanted to ensure the Court found a sufficient and adequate basis for this enhancement.[2] **WHITE**'s sexual contact on numerous instances with Minor Victim #1 between September 2016 and March 2017 (PSR ¶ 11) could form the basis for this "pattern of activity involving prohibited sexual conduct." The charges against **WHITE** for the production of child pornography relate only to Minor Victim #1, and there is no uncontroverted evidence that his communications with the other victims would amount to facts supporting separate production charges for those victims.

Defendant is not assessed any criminal history points (PSR ¶¶ 53, 54), though his juvenile adjudication matter (PSR ¶ 51) presents a troubling foreshadow of his later abuse of Minor Victim #1. Notwithstanding **WHITE**'s age and lack of assessed criminal history, he has engaged in exploitative conduct with a large number of victims. (PSR ¶ 32.) While **WHITE** has had a chaotic and harrowing childhood and upbringing (PSR ¶¶ 59-61, 65-67), any mitigating effect of this history

---

[1] As part of the Plea Agreement (Doc. 50), the parties agreed to the baseline offense level and the enhancements under U.S.S.G. §§ 2G2.1(b)(2)(A) and 2G2.1(b)(6)(B). (PSR ¶ 2.) The plea agreement did not contemplate the enhancement due to the age of Minor Victim #1, but its application

[2] The plea agreement also did not contemplate the enhancement due to the age of Minor Victim #1, or the "pattern of activity" enhancement under U.S.S.G. § 4B1.5. (Doc. 50, cf. PSR ¶¶ 39, 46.) While this enhancement is supported based on the facts and the law, the Court may want to consider this fact in fashioning an appropriate sentence.

2

must be weighed against the form and breadth of his abuse against Minor Victim #1 and the dozens of others. (*cf.* PSR ¶¶ 12, 32.)

The offense to which **WHITE** pled guilty carries a term of imprisonment of at least fifteen years, and up to thirty years. The prescribed sentencing range of punishment as computed by the PSR is 292 to 360 months' imprisonment. (PSR ¶ 77.)

A sentence within the prescribed Guidelines would fully reflect the nature and circumstances of the offense, as well as the history and characteristics of this defendant, and would appropriately reflect the entirety of **WHITE**'s conduct.

> **B.** **REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, PROVIDE JUST PUNISHMENT FOR THE OFFENSE, AND AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT (18 U.S.C. § 3553(A)(2)(A) & (B))**

**WHITE**'s offense of conviction explicitly involved his production with Minor Victim #1. This production was part of an enticement scheme which soon culminated in the then-14-year-old Minor Victim #1 moving to Missouri to live with **WHITE** in September 2016. (PSR ¶¶ 7, 9) Minor Victim #1 was not recovered until early March of the following year. (PSR ¶ 4) **WHITE** admitted that he and Minor Victim #1 engaged in sexual activity numerous times over that time, beginning on the night of her arrival in Kansas City. (PSR ¶ 11.)

Minor Victim #1 was one of many victims preyed upon by **WHITE**. By his own admissions, **WHITE** engaged in "sexting" activity with between 50 to 100 females. (PSR ¶ 12.) At least a dozen were identified as reported victims, and his interactions with six of them formed the basis for his conduct in other counts of the Indictment. (PSR ¶¶ 12, 32.)

A lengthy term of imprisonment would underscore the seriousness to **WHITE** (and others) the seriousness of the serial abuse and exploitation of minors.

3

**C.     PROTECT THE PUBLIC FROM FURTHER CRIMES (18 U.S.C. § 3553(A)(2)(C)), AND PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT (18 U.S.C. § 3553(A)(2)(D))**

If his statements are to be credited, **WHITE**'s home environment may have forestalled his educational opportunities. (PSR ¶ 68.) Once imprisoned, he will have the opportunity to earn his GED as well as some vocational training. **WHITE**'s employment history can be described as, at best, intermittent. *Id.*

There is no indication that a lengthy sentence of imprisonment will preclude his ability to complete his unfinished education; conversely, a long term of imprisonment would most likely require some semblance of stability and a system where he would be encouraged to complete his education or develop some marketable discipline. Further, **WHITE**'s sporadic employment history and inability to remain gainfully employed suggests that a lengthy term of imprisonment will not impair his career prospects, and would go far toward protecting the public from future crimes.

**D.     KINDS OF SENTENCES AVAILABLE BASED ON SENTENCING RANGE ESTABLISHED FOR THESE OFFENSES (18 U.S.C. § 3553(A)(3) & (4))**

**WHITE** may be sentenced to a term of at least fifteen years' and up to thirty years' imprisonment. The Guidelines prescribe between 292 to 360 months' imprisonment, which falls within the permissible statutory range. (PSR ¶¶ 77.) Most of the range of punishment contemplated by the Guidelines is below the statutory maximum term of imprisonment.

Further, the statute underscores the need, in crimes involving children and sexual offenses, to issue a sentence within the properly computed guidelines unless a compelling exception applies. 18 U.S.C. § 3553(b)(2). Section 3553(b)(2)(A) states that in "sentencing a defendant convicted" (of various offenses, including the instant offense), "the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless" there is an

4

1) "aggravating circumstance of a kind…not adequately taken into consideration by the Sentencing Commission in formulating the guidelines" 18 U.S.C. 3553(b)(2)(A)(i);

2) "the court finds that there exists a mitigating circumstance…that…has been affirmatively and specifically identified as a permissible ground of downward departure…has not been taken into consideration by the Sentencing Commission…*and* should result in a sentence different from that described" 18 U.S.C. 3553(b)(2)(A)(ii) (emphasis added); or

3) "the court finds, on motion of the Government, that the defendant provided substantial assistance in the investigation or prosecution of another person." 18 U.S.C. 3553(b)(2)(A)(iii)

None of the enumerated exceptions under § 3553(b)(2)(A) apply, and this Court is urged to impose a sentence within the appropriately calculated Guidelines.

### E. NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT (18 U.S.C. § 3553(A)(6))

On a final note, one additional consideration under Section 3553(a)(6) underscores the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C 3553(a)(6). **WHITE** was eventually charged alongside a co-defendant, Cynthia Holman, who has since pled guilty to an information charging her with a violation of 18 U.S.C. 1001. She is awaiting sentencing, but her overall sentencing exposure for her offense of conviction is up to eight years' imprisonment. (Docs. 74, 80.) To the extent his court is assessing this factor, we would note at the outset that while both **WHITE** and Holman were jointly charged in only one count (Count One of the Superseding Indictment), neither defendant pled to this count as part of their plea. *See* SUPERSEDING INDICTMENT (Doc. 22.) Defendants' respective criminal histories are dissimilar; Holman was only in Missouri for a few days in September 2016 before returning to Kansas, and there is no indication that Holman engaged or communicated with any of the other affected victims in this matter. (PSR ¶¶ 4, 6, and 7.)

5

## SUMMATION

Upon a lengthy and extensive review of any and all applicable provisions of the statutes and the facts and circumstances of this case, the United States submits that a sentence within the Guidelines would reflect the seriousness of these offenses, promote respect for the law, and provide just punishment for this offense.

    Respectfully submitted,

    Timothy A. Garrison
    UNITED STATES ATTORNEY

By    */s/ Patrick D. Daly*

    Patrick D. Daly
    ASSISTANT UNITED STATES ATTORNEY

    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-4249
    Attorneys for the United States

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on the 26th day of July, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Patrick D. Daly*

Patrick D. Daly
Assistant United States Attorney

7