IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-00179-01-CR-W-DGK |
| | ) | |
| TRAVIS H. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM
## AND REQUEST FOR DOWNWARD VARIANCE

COMES NOW the defendant, Travis H. White, by counsel, Travis D. Poindexter, Asst. Federal Defender, in accordance with Rule 32, Fed. R. Crim. P., and hereby submits the following Sentencing Memorandum and Request for Downward Variance from the advisory sentencing guidelines. Mr. White submits that application of the advisory sentencing guidelines in this case would lead to an unreasonable sentence and that a sentence of no greater than 15 years to be followed by five years of supervised release is more than sufficient to satisfy the statutory goals of sentencing as directed by 18 U.S.C. § 3553(a).

## GENERAL SENTENCING AUTHORITY

A District Court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. *United States v. Feemster*, 572 F.3d 455, 460-461 (8th Cir.2009)(citing *Gall v. United States*, 552 U.S. 38,

128 S.Ct. 586, 596 (2007)). After the Court affords both parties an opportunity to argue for whatever sentence they deem appropriate, it should then consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party. *Id.* at 461.

In imposing any sentence 18 U.S.C. § 3553 generally directs that the Court shall impose a sentence sufficient, but not greater than necessary. Among the factors for the Court to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)).

The advisory sentencing guidelines are an additional factor for the Court to consider but a district court may not begin with the presumption that those guidelines are reasonable. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(citing *United States v. Gall*, 128 S.Ct. 586, 596-597 (2007) and *United States v. Rita*, 127 S.Ct. 2456 (2007)).

## SUGGESTIONS IN SUPPORT OF DOWNWARD VARIANCE

### History and Characteristics of Mr. White

Mr. White is 26 years old and has no criminal history points. (PSR at ¶

53). Additionally, the only criminal offense in his history was limited to a misdemeanor driving offense for which he received a fine. (PSR at ¶52). This offense constitutes his first time Mr. White has faced incarceration.

Mr. White had a difficult childhood and unfortunately suffered from significant neglect as the result of his biological parents substance abuse issues. Mr. White's mother was approximately 14 years old at the time of his birth. Mr. White also reported that his mother was frequently in criminal trouble for prostitution, substance abuse as well as suffering from mental health illness. (PSR at ¶'s 61). Mr. White was eventually adopted by his mother's parents after he and his siblings were placed into the custody of the Division of Family Services due to neglect.

Although Mr. White had a difficult childhood he did become actively involved in a local church and assisted as a volunteer for community activates. (See Attachment 1).

While Mr. White had never spent time in jail prior to this offense, he recognized the severity of the offense for which he was charged and the significant minimum 15 year punishment established by the law. He appeared before the Court and accepted responsibility for his offenses. These actions clearly demonstrate that Mr. White understands the full extent of the penalties he faces.

### Nature & Circumstances of this Offense

The underlying offense in this case occurred in May of 2016. At that time, Mr. White was 23 years old. Mr. White candidly acknowledged that he began an online relationship with "Victim 1." From the investigation conducted, there was nothing to suggest that Mr. White engaged in any forced coercion related to "Victim 1." In fact, "Victim 1" expressed that she sought and wanted a relationship with Mr. White despite the 10 year difference in their ages. When questioned by investigators, Mr. White confessed the extent of the relationship he had with "Victim 1" which included sexual activity. For nearly seven months, the two lived together in various parts the Kansas City Metropolitan area as "Victim 1's" mother was either in rehabilitation or after she chose to abandon "Victim 1."

At no point was there any suggestion the Mr. White attempt to use force or compulsion or physical abuse during his relationship with "Victim 1." Although unlawful due to statutory age restrictions, both acknowledged that they wanted to be in a long term relationship with each other.

### Seriousness of the Offense, Promote Respect for the Law and Deterrence

The offense to which Mr. White pleaded guilty is serious by virtue of the punishments proscribed which includes a mandatory minimum 15 year term

4

of imprisonment. To anyone who might consider engaging in activity similar to Mr. White, this punishment would serve as a strong deterrent which, in turn, promotes respect for the law.

Regarding Mr. White specifically, a sentence of no greater than 15 years would not only be a sentence no greater than necessary, but a solid deterrent to dissuade any future unlawful conduct. Additionally, a 5 year term of supervised release as part of his sentence would allow the Court sufficient supervision over Mr. White's conduct. During that period of time, Mr. White will be required to abide by all conditions set by the U.S. Probation Office and the Court. Thus, even with the proposed sentence and 5 years of supervised release, Mr. White will be under the supervision of the Federal Criminal Justice system into at least his early 40's.

The combined period of incarceration and mandatory supervision clearly reflects the seriousness of the offense in this case.

**<u>Protect the Public</u>**

As previously outlined, the underlying offense in this case was nearly three years ago. Mr. White was initially charged in Jackson County, Missouri in March of 2017, with Second Degree Statutory Rape. At that time he was released on bond and placed on electronic monitoring. It was not until September of 2017 that he was indicted in this District. During his time on

pretrial supervision he had no other criminal contacts. He remained in the community while under investigation and not formally charged federally without incident. Mr. White also did not attempt to flee or avoid the consequences of his actions. Mr. White's conduct while on release demonstrated that he is not a continuing threat to the public or risk to reoffend.

## **CONCLUSION**

A review of Mr. White's case in light of the sentencing factors enumerated in 18 U.S.C. § 3553 demonstrates that a sentence of no greater than 15 years imprisonment followed by a five year term of supervised release is more than sufficient. Such a sentence also reasonably complies with the directives of a sentence no greater than necessary and is well within the Courts discretion.

Respectfully submitted,

 */s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER
Assistant Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106
(816) 471-8282
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing motion was electronically filed and delivered on the ECF system this 6th day of July, 2019.

 */s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER